**John W. SULLIVAN and Susan R. Sullivan, Plaintiffs,**

v.

**William Lesley CHESHIER, Defendant.**

No. 93 C 0047.

United States District Court,
N.D. Illinois,
Eastern Division.

July 19, 1995.

Thomas P. Ward, Lorijean G. Oei, McBride, Baker & Coles, Chicago, IL, for plaintiffs.

Eric A. Oesterle, Suzan W. Glueck, Sonnenschein, Nath & Rosenthal, Chicago, IL, Ronald E. Stackler, Barbara Weinstein Stackler, Samuel Miles Greenberg, Stackler & Stackler, Chicago, IL, John Alan Holtaway, American Bar Association, Chicago, IL, Alan Jay Mandel, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiffs, John W. Sullivan and Susan R. Sullivan, have filed a motion to compel from the defendant, William Lesley Cheshier, answers to deposition questions and his appearance to complete his deposition. For the reasons discussed below, the plaintiffs' motion is granted.

### Discussion

The plaintiffs' lawsuit against Dr. Cheshier arises out of his treatment of their daughter, Kathleen Sullivan, from September or October, 1990 until February, 1991. In the present motion, the plaintiffs request that Dr. Cheshier be ordered to respond to various questions posed him in his deposition to which he refused to provide answers on grounds of privilege. The plaintiffs argue that the communications between Ms. Sullivan and Dr. Cheshier were not protected because Dr. Cheshier is not a licensed psychologist.

Under the "Mental Health and Developmental Disabilities Confidentiality Act," 740 ILCS 110/1, *et seq.* (the "Confidentiality Act" or "Act"), communications that are confidential and shall not be disclosed include those made "to a therapist ... during or in connection with providing mental health or developmental disability services" to an individual. *Id.* 110/2(1); 110/3(a).

"Therapist" means a ... psychologist ... providing mental health or developmental disabilities services or any other person not prohibited by law from providing such services or from holding himself out as a therapist if the recipient reasonably be-

lieves that such person is permitted to do so. *Id.* 110/2(9). Mental health or developmental disability services "includes but is not limited to examination, diagnosis, evaluation, treatment, training, pharmaceuticals, aftercare, habilitation or rehabilitation." *Id.* 110/2(3).

Dr. Cheshier has a Ph.D. in psychology and described himself to Ms. Sullivan as a "clinical psychotherapist." Cheshier Dep. 193; Pls.' Ex. G. He diagnosed Ms. Sullivan's psychological condition, performed hypnosis on her and generally provided her psychotherapy. Cheshier Dep. 247, 255, 284. Accordingly, in relation to Ms. Sullivan, Dr. Cheshier acted in his professional capacity as a therapist providing mental health services.

The Clinical Psychologist Licensing Act, 225 ILCS 15/1 *et seq.*, (the "Licensing Act") prohibits an individual without a valid state clinical psychology license from holding himself out to the public as a psychologist. *Id.* 15/3(a). The Licensing Act provides that a person represents himself as a clinical psychologist if "he holds himself out to the public by any title or description of services incorporating the words 'psychological,' 'psychologic,' 'psychologist,' 'psychology,' or 'clinical psychologist....'" Dr. Cheshier gave to Ms. Sullivan a document describing himself and the services he offered. Cheshier Dep. 193; Pls.'s Ex. G. He routinely provided this document to his patients during the time period he treated Ms. Sullivan. Cheshier Dep. 194. In the document, Dr. Cheshier states that he received a Bachelor of Science degree with a major in psychology from Loyola University of Chicago, a doctorate degree in psychology from Saybrook Institute in San Francisco and that he is a member of the American Psychological Association. The document also notes that Dr. Cheshier "has chosen not to be registered as a clinical psychologist in this state." The implication of this statement is that Dr. Cheshier could obtain a license as a clinical psychologist if he chose. Dr. Cheshier apparently agrees that the fact he has a Ph.D. in psychology conveys

that he is a psychologist. Response Brf., pp. 10–11.

I conclude that Dr. Cheshier held himself out to the public as a psychologist in violation of the Licensing Act. The document he gave patients emphasized his psychological training and his membership in a psychological association. His statement that he had chosen not to become a licensed psychologist in Illinois also, in essence, stated that he was a psychologist, although not a licensed one. Since Illinois law forbade Dr. Cheshier from presenting himself as a psychologist, the Confidentiality Act does not protect the communications that occurred between Dr. Cheshier and Ms. Sullivan in the course of Ms. Sullivan receiving care from Dr. Cheshier.[1]

The result in this case is harsh and certainly undermines the expectation that most individuals presumably have that a communication with a therapist is confidential. However, no one has argued that the communications at issue here are protected except under the Illinois Confidentiality Act. The legislature apparently believed that licensure of persons practicing psychology was more important than individual expectations of privacy. Any change, therefore, must come from the legislature.

Dr. Cheshier is ordered to reappear for the continuation of his deposition and to answer the questions previously asked, as well as any further questions resulting from his answers.

---

1. Judge Zagel, to whom this case was assigned originally, previously ruled that because Dr. Cheshier is not licensed as a psychologist, his personal notes and records regarding his treatment of Ms. Sullivan are not privileged under the Confidentiality Act. Because I agree with Judge Zagel that Dr. Cheshier cannot claim a privilege here, it is unnecessary to resolve the issue of whether Judge Zagel's ruling is "the law of the case."